UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

PAUL JOSEPH STILL,

        Plaintiff,

        v.

DR. LOBERG, TAD LARSEN, and
JOE KAST,

        Defendants.

Case No. 6:20-cv-02012-YY

OPINION AND ORDER

YOU, Magistrate Judge:

    *Pro se* plaintiff Paul Joseph Still has brought a civil rights action pursuant to 42 U.S.C. § 1983 stemming from his incarceration in the Marion County Jail. Compl., ECF #2. Defendants have filed a motion for summary judgment (ECF 23). Plaintiff has not filed a response, although he was provided with a Summary Judgment Advice Notice (ECF 25) that explained he had a right to do so. Plaintiff's failure to respond could be treated as a concession. *See Yentz v. Nat'l Credit Adjusters, LLC*, No. 3:20-CV-01364-AC, 2021 WL 1277961, at *4 (D. Or. Feb. 15, 2021), *report and recommendation adopted,* (D. Or. Apr. 6, 2021) (citing cases). In any event, defendants are otherwise entitled to prevail on the motion, as explained below.[1]

---

[1] All parties have consented to allow a magistrate judge to enter final orders and judgment in this case in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). ECF 29.

1 – OPINION AND ORDER

I.  **Summary Judgment Standard**

Under Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party moving for summary judgment bears the initial responsibility of informing the court of the basis for the motion and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party does so, the nonmoving party must "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citing FED. R. CIV. P. 56(e)).

The court "does not weigh the evidence or determine the truth of the matter, but only determines whether there is a genuine issue for trial." *Balint v. Carson City, Nev.*, 180 F.3d 1047, 1054 (9th Cir. 1999). "Reasonable doubts as to the existence of material factual issue are resolved against the moving parties and inferences are drawn in the light most favorable to the non-moving party." *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

II. **Exhaustion Under the Prison Litigation Reform Act**

A.  **Applicable Law**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Congress enacted the PLRA "in the wake of a sharp rise in prisoner litigation in the federal courts." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). The PLRA strengthened the exhaustion requirement so that "[e]xhaustion is no

longer left to the discretion of the district court, but is mandatory." *Id*. at 85 (citation omitted). "Prisoners must now exhaust all 'available' remedies . . . even where the relief sought—monetary damages—cannot be granted by the administrative process." *Id*. The exhaustion requirement "applies to all inmate suits about prison life" that do not involve the duration of a prisoner's sentence. *Nettles v. Grounds*, 830 F.3d 922, 932 (9th Cir. 2016) (quoting *Peter v. Nussle*, 534 U.S. 516, 532 (2002)).

The PLRA's exhaustion requirement mandates "proper" exhaustion of administrative remedies. *Woodford*, 548 U.S. at 93. Proper exhaustion means that "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id*. at 88. "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.'" *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original). To be available, a remedy must be available "as a practical matter; it must be capable of use; at hand." *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (quoting *Brown*, 422 F.3d at 937) (internal quotation marks omitted).

However, there are "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." *Ross v. Blake*, 578 U.S. 632, 643 (2016). These circumstances emerge when: (1) the "administrative procedure . . . operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) the "administrative scheme might be so opaque that it becomes . . . incapable of use"; and (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 644 (citations omitted). When one of these circumstances arises, "an inmate's duty to exhaust 'available' remedies does not come into play." *Id*. at 643.

In *Williams v. Paramo*, 775 F.3d 1182 (9th Cir. 2015), the Ninth Circuit articulated the procedure for determining whether a prisoner has exhausted available administrative remedies. First, the defendant must "prove that there was an available administrative remedy and that the prisoner did not exhaust that available remedy." *Id*. at 1191 (citation omitted). "This burden is achieved by producing testimony from jail deputies that describe the jail's grievance procedure and provide an overview of the jail's record-keeping system." *Williams v. Gore*, No. 15-CV-654, 2017 WL 1354695, at *5 (S.D. Cal. Mar. 24, 2017) (citing *Morton v. Hall*, 599 F.3d 942, 944 (9th Cir. 2010) (affirming district court's finding that defendants satisfied their initial burden by submitting testimony of jail coordinators who declared that they reviewed records and "found no evidence that Morton had ever filed a grievance pertaining to his assault")).

Once a defendant has met this initial burden, the burden shifts to the plaintiff to provide evidence that the existing and generally available administrative remedies are effectively unavailable to the plaintiff because they were "'ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.'" *Williams*, 775 F.3d at 1191 (quoting *Albino*, 747 F.3d at 1172). While the plaintiff has the burden of proving effective unavailability, "failure to exhaust is an affirmative defense under the PLRA." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Thus, the "ultimate burden of proof . . . remains with the defendant." *Williams*, 775 F.3d at 1191 (citing *Albino*, 747 F.3d at 1172).

A motion for summary judgment is the proper means to raise a prisoner's failure to exhaust administrative remedies. *Albino*, 747 F.3d at 1166. "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Id.*

4 – OPINION AND ORDER

B.      Analysis

To satisfy their initial burden of proving there was an available administrative remedy, defendants have submitted a declaration by Sgt. Matt Davis who handles disciplinary and grievance appeals at the Marion County Jail and is a custodian of the records. Davis Decl. ¶ 1, ECF 24. According to Sgt. Miles, every inmate lodged at the jail receives a copy of the Adults in Custody ("AIC") Handbook, which contains a description of the grievance procedure. *Id.* ¶¶ 6, 7. Additionally, "stacks of . . . AIC Handbooks are available behind the deputy desk in every unit in the Jail, upon request," and "copies of the grievance procedure are also available upon request." *Id.* ¶ 7.

The AIC Handbook lists examples of "grievable issues," *id.* ¶ 9, and "spells out the step-by-step process by which inmates may file a grievance and, if necessary, appeal it up the chain of command." *Id.* ¶ 12; *see also id.*, Ex. C, at 15. If, after filing the grievance, the AIC is not satisfied with the response from the "involved employee," the AIC must file a written appeal to the employee's supervisor within seven calendar days. *Id.*, Ex. C, at 15. If the AIC is not satisfied with the supervisor's response, the AIC must file an appeal to the lieutenant. *Id.* Thereafter, if the AIC is not satisfied with the lieutenant's response, the AIC must file a written request for review with the Jail Commander. *Id.*

The AIC Handbook expressly warns, "If you want to have your grievance resolved you must follow the grievance procedure." *Id.* Grievance forms provided by the jail also remind AICs to "[f]ollow the rules in the AIC Handbook regarding the facility's grievance procedures." *Id.* ¶ 11.

Here, plaintiff clearly knew he had to submit a written request for review to the Jail Commander because he did so for another one of his grievances that is unrelated to this case. *Id.*

5 – OPINION AND ORDER

¶ 14. However, plaintiff failed to follow this procedure for any of the claims in his complaint. *Id.* ¶ 16. Therefore, defendants have satisfied their initial burden of providing evidence of an existing grievance process and plaintiff's failure to exhaust an available administrative remedy.

In response, plaintiff has failed to come forward with any evidence showing "there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him." *Williams*, 775 F.3d at 1191. Because there is no genuine issue of material fact regarding whether plaintiff properly exhausted available administrative remedies, his claims are unexhausted and must be dismissed. *See Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.").

### III.   Lack of Personal Participation

Plaintiff also has failed to show personal participation by the individual defendants. "Liability under section 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983." *Id.*

Plaintiff alleges that defendant Joe Kast, the Marion County Sheriff, is "legally responsible for the overall operation of the Marion County Sheriff's Office and each institution under its jurisdiction including the Marion County Jail." Compl. 2, ECF 2. He alleges that defendant Ted Larson, the Marion County Jail Commander, is "legally responsible for the operation of the Marion County Jail and for all the inmates and their welfare." *Id.* These

allegations are insufficient to show personal participation by either Sheriff Kast or Commander Larsen. Therefore, the claims against them are dismissed on this basis as well.

### IV.    Dismissal Without Prejudice

Generally, "[i]f the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003), *overruled on other grounds by Albino*, 747 F.3d 1162. Therefore, this case is dismissed without prejudice.

### ORDER

Defendants' Motion for Summary Judgment (ECF #23) is GRANTED and this case is dismissed without prejudice.

DATED  November 30, 2021.

/s/ Youlee Yim You  
Youlee Yim You  
United States Magistrate Judge